# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MACK KENT,

    Plaintiff,

  vs.

LEGAL MAIL CLERK, et al.,

    Defendants.

No. CIV S-09-0401-CMK-P

ORDER

/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: "Legal Mail Clerk" and the Solano County Sheriff's Department. Plaintiff's allegations, in their entirety, are as follows:

> On 1-23-09 I submitted what I interpertated [sic] as legal mail to my floor officer, at which time the floor officer took possession of my legal mail and said he's take care of it per procedure. Approx. 3 days later I received my legal letter taped outside a piece of paper minus my envelope, w/ note stating this is not legal mail. The only way they would know this is by them opening and illegally reading my legal letter once envelope was sealed, but it was in fact legal mail.

Plaintiff seeks $100,000.00 in compensatory damages.

On March 26, 2009, the court issued an order directing plaintiff to show cause why this action should not be dismissed for failure to state a claim. In the order to show cause, the court stated:

> Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court. See Ex Parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, is an open question in the Ninth Circuit. At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976), Back v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)); see also Samonte v. Maglinti, 2007 WL 1963697 (D. Hawai'i July 3, 2007) (recognizing open question). At least one court in this circuit, however, has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's First Amendment rights and access to the courts." Oliver v. Pierce County Jail, 2007 WL 1412843 (W.D. Wash, May 9, 2007) (citing Muhammad v. Pritcher, 35 F.3d 1081 (6th Cir. 1994)). The Ninth Circuit has, however, held that an isolated instance or occasional opening of legal mail outside the inmate's presence does not rise to the level of a constitutional violation. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989).

In this case, plaintiff complains of a single isolated instance of jail officials allegedly opening his legal mail outside his presence. Under Stevenson, plaintiff's claim does not constitute a cognizable constitutional violation.

In a footnote following the above discussion, the court added:

The complaint is also defective in that it does not name the floor officer or other officials who allegedly opened his legal mail. As to the Solano County Sheriff's Department, plaintiff has not alleged a custom or policy of the municipal entity which would support liability under § 1983.

Plaintiff was warned that failure to respond to the order to show cause could result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders, as well as for the reasons outlined above. Plaintiff has not responded to the court's order and it is appropriate to dismiss this action for the following reasons: lack of prosecution, failure to comply with court orders, and failure to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed; and
2. The Clerk of the Court is directed to enter judgment of dismissal and close this file.

DATED: May 6, 2009

                                                    /s/ Craig M. Kellison
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE